# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**MOSES PASTRAN,**

        Plaintiff,

vs.                                                     **No. CIV 98-815 LCS/JHG**

**K-MART CORPORATION,**

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment, filed on April 30, 1999. The Court, having considered the pleadings, the memoranda submitted by the parties and the applicable law, finds that the Motion is well-taken in part and it will be granted in part.[1]

## Memorandum Opinion

Plaintiff Moses Pastran ("Pastran") worked for Defendant K-Mart Corporation ("K-Mart") from 1977 until 1996. He was promoted to receiving manager in 1988. He injured his back in March of 1990 and filed a worker's compensation claim. Some three months after filing his claim, he was demoted from his managerial position to a position which did not require lifting. He received a lump sum settlement of his worker's compensation claim in December of 1993. He was determined to be 9% permanently disabled, and was restricted to lifting not more than 20

---

[1] Pursuant to 28 U.S.C. Sec. 636, a magistrate judge may decide dispositive motions if, as here, both parties consent.

lbs. For the next three years, Pastran unsuccessfully sought promotion. K-Mart's store manager told him that he was not qualified because he could not do heavy lifting, and that he had too many absences. However, in November, 1996 Pastran was offered a promotion. Contacted while on vacation, he said he needed some time to consider the offer; his wife called the company the next day to accept on his behalf. When Pastran returned to K-Mart three days later, he was told that the promotion had been given to another person because he had not accepted the offer in a timely fashion. Pastran was promised the next promotional opening. It came in January 1997. Three weeks into his new position, Pastran was told to go to the front of the store to run a cash register, but declined on grounds of illness. The store manager told him to either work on the register or go home if he was too sick to do so. Pastran argued that it was better that he continued with his present duties. The argument escalated until police were called. Pastran left the store, and when he reported to work four days later, he was told he had been terminated for insubordination.

Pastran filed suit, claiming that K-Mart retaliated against him for filing a worker's compensation claim in 1990. He also claims that K-Mart's decisions not to promote him in November of 1996, and to terminate him in January of 1997, were a product of discrimination based on his national origin, sex, opposition to discriminatory practices and disability. K-Mart moved for summary judgment. Under Fed.R.Civ.P. 56, summary judgment is proper if there are no material issues of fact and one party is entitled to judgment as a matter of law. *Thrasher v B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993). While Pastran combined his claims into two counts, those counts contain several different claims, involving several different legal theories. The Court therefore finds it less confusing to address the claims individually.

2

## Retaliation Claims

**a. Worker's Compensation**

**1. failure to promote 1990- 1992**

Pastran claims in Count I of his Complaint that K-Mart retaliated against him because he filed a Worker's Compensation claim in 1990. The Court cannot tell from the Complaint and the Summary Judgment papers whether Pastran is including claims that K-Mart's demoting him in 1990 and not promoting him from 1990-1992 were based on such retaliation. If Pastran does in fact seek to raise those claims, his Complaint and his response to the Defendant's Motion for Summary Judgment provide insufficient support for these claims to be presented to the jury. Accordingly, Pastran will have until June 2, 1999 to amend Count I of his Complaint to allege sufficient factual detail for the court to analyze whether he can state claims for which relief can be granted, and to file a memorandum explaining why the claims are not barred by the statute of limitations. [2]

**2. failure to promote 1993-1996;**

**3. withdrawal of promotion offer - 1996;**

**4. termination - 1997**

The Court will now analyze Count I of Pastran's Complaint to the extent that he claims that K-Mart's failure to promote him from 1993-1996, its withdrawal of its offer to promote him in November, 1996, and its decision to terminate him in January 1997, were in retaliation for his filing a worker's compensation claim in 1990.

---

[2] The Court realizes that this is a short period of time and would entertain a motion for extension of time at the pre-trial conference if Plaintiff finds it necessary to request such an extension.

In order to establish a *prima facie* case of retaliation, a plaintiff must show that he engaged in protected activity, that his employer took adverse action against him subsequent to or contemporaneously with his protected activity, and that there was a causal connection between his activity and his employer's adverse action. *Burrus v. United Telephone Co.*, 683 F.2d 339, 343 (10th Cir. 1982).

K-Mart first contends that because all of these actions occurred more than three years after he filed his worker's compensation claim, he cannot establish the third element of his *prima facie* case as a matter of law, citing *Candelaria v. EG&G Measurements, Inc.*, 33 F.3d 1259, 1262 (10th Cir. 1994). The Court in *Candelaria* held that it was not possible to infer a causal link between adverse action and protected activity when the action took place three years after the activity.

Pastran's response does not offer any direct evidence that K-Mart's failure to promote him and decision to terminate him were related to his filing a worker's compensation claim. Without direct evidence, Pastran must rely on the inference of retaliation that arises if the adverse employment action is taken in close temporal proximity to the protected activity. Since such inference cannot arise when the actions are three years apart, the Court will grant K-Mart's motion for summary judgment as to Pastran's claim K-Mart retaliated against him for filing a worker's compensation claim by failing to promote him, or by terminating him, after 1993.

### b. Title VII

#### 1. termination

Pastran contends that when K-Mart withdrew its offer of promotion in November of 1996, and promoted a white employee, he complained of discrimination. He contends that because the

store manager was ordered to give him the next available promotion as a result of his complaints, the manager harbored a grudge against him and retaliated by terminating him at the first opportunity. The Court agrees that this sequence of events is sufficient to raise an inference of retaliation, and that Pastran has established a *prima facie* case on this claim. *See Candelaria, id.*

However, once the inference of retaliation has been raised, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse action. If the employer does so, the burden shifts back to the plaintiff to raise a fact issue whether the reason offered by the employer is a pretext, and that the real reason for the termination was retaliation for the protected activity. *Sauers v. Salt Lake County*, 1 F.3d 1122, 1128 (10th Cir. 1993). In the present case, K-Mart articulated a legitimate, non-discriminatory reason for terminating Pastran - insubordination. The issue thus becomes whether there is sufficient evidence in the record to raise a fact issue whether this reason is actually a pretext for retaliation. Pastran's lengthy recitation of his dealings with his supervisor shows that he often complained of racial discrimination and that they often clashed, but it does not show that the reason they clashed was because of his complaints. Evidence that similar conduct by employees (refusing to accept either of two alternatives posed by a supervisor) was dealt with less severely if those employees had not engaged in protected activity would create a fact issue whether K-Mart's articulated reason was pretextual. However, Pastran's offers no evidence that this ever occured. Evidence that K-Mart took adverse action against other employees who engaged in protected activity would also create a fact issue on pretext, however, Pastran offers no evidence to this effect. Evidence that K-Mart did not follow its procedures for progressive discipline or termination procedures could also raise an inference of pretext, but Pastran makes no allegations to that effect either. Because Pastran's

5

evidence does not create a genuine fact issue on the question of pretext, K-Mart's motion for summary judgment on his Title VII retaliation claim for termination will be granted.

**2. withdrawal of promotion offer - 1996**

It is unclear from the Complaint and from the Summary judgment papers whether Pastran is contending that K-Mart's decisions to pass him over for promotion several times from 1993-1996 were in retaliation for his complaining about racial discrimination each time he was passed over. Accordingly, if Pastran is trying to raise those claims, he shall have until June 2, 1999 to amend his Complaint to include when those promotions were made, who was promoted, and what the requirements of the positions were.[3] If he fails to do so, those claims will not go forward.

As for his claim that K-Mart's withdrawal of its November 1996 promotion offer occurred in retaliation for his protected activity under Title VII, K-Mart contends that it articulated a legitimate, non-discriminatory reason for not promoting Pastran on this occasion- Pastran did not accept the offer in a timely fashion. Pastran contends that a fact issue exists whether this reason is pretextual, because the offer was communicated to him while he was off work and his wife called the store to accept on his behalf the next morning. The Court agrees that a factual issue exists whether K-Mart's articulated reason is legitimate. Accordingly, K-Mart's Motion for Summary Judgment as to this claim will be denied. It should be noted that, because Pastran was promised and accepted the next available promotion, the damages he may recover on this claim are limited.

---

[3] See footnote 2.

## Age Discrimination Claims

K-Mart next contends that because Pastran was only 38 at the time of his termination, he was not subject to protection under the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. Sec. 631. Pastran conceded this claim in his response to K-Mart's motion; accordingly, the Motion will be granted as to Pastran's ADEA claims.

## Disability Discrimination Claims

### 1. termination - 1997

Pastran claimed that K-Mart's decision to withdraw its November, 1996 offer of promotion and its decision to terminate him in January, 1997 were products of discrimination against him because he was disabled. To establish a *prima facie* case under the Americans with Disabilities Act ("ADA") 42 U.S.C. Sec. 12101 *et seq.*, a plaintiff must show that (1) he is a disabled person within the meaning of the Act; (2) he is able to perform the essential functions of the job, with or without reasonable accommodation; and (3) the adverse employment action taken against him occurs under circumstances which raise an inference of discrimination. *White v. York International Corp.*, 45 F.3d 357, 361 n.6 (10th Cir. 1995). If plaintiff establishes a *prima facie* case, the *Sauers* burden-shifting analysis is applicable. *See Morgan v. Hilti Inc.*, 108 F.3d 1319, 1323 n.3 (10th Cir. 1997).

K-Mart first contends that Pastran cannot meet the first element of his *prima facie* case, because he was not disabled as that term is defined in the Act. However, Pastran's doctor's restriction on his lifting qualifies as a disability under the Act. *Lowe v. Angelo's Italian Foods, Inc.,* 87 F.3d 1170, 1174 (10th Cir. 1996). Thus, the Court finds that Pastran is a disabled person under the ADA.

K-Mart next contends that, as to Pastran's termination, even if he raised an inference that he was terminated because of his disability, it has articulated a legitimate, non-discriminatory reason for his termination - insubordination - and Pastran has not produced evidence which raises a fact issue whether that articulated reason was pretextual. *See Morgan v. Hilti Inc*., 108 F.3d 1319, 1323 n.3 (10th Cir. 1997). In response, Plaintiff did not produce any direct evidence of discriminatory animus on the part of management towards disabled employees. He did not produce any evidence that non-disabled employees who committed a single act of insubordination were dealt with less severely than he was. Nor did he produce evidence that K-Mart took adverse employment actions against a higher percentage of disabled employees than of non-disabled employees. His claim that his termination was an "overreaction to a decidedly minor incident" is insufficient to raise a genuine issue of fact whether K-Mart's articulated reason for terminating him was pretextual. *See Russell v. Acme-Evans Co.*, 51 F.3d 64 (7th Cir. 1995). The Court will accordingly grant K-Mart's motion for Summary Judgment on Pastran's ADA claim for termination of his employment.

### 2. withdrawal of promotion offer - 1996

Pastran claims that K-Mart's withdrawal of its offer to promote him in November, 1996 was motivated by discriminatory animus because he was handicapped. Assuming that Pastran has established a *prima facie* case under the ADA, K-Mart contends that it has articulated a legitimate, non-discriminatory reason for withdrawing its promotion offer - that Pastran did not accept the offer within a reasonable time. Accordingly, it contends that the burden shifts to Pastran to produce evidence creating a genuine fact issue whether this reason was pretextual. However, as shown in the discussion above, a fact issue exists whether K-Mart's articulated

reason is truthful.  Accordingly, K-Mart's Motion for Summary Judgment on this issue will be denied.  Again, it is important to note that the damages Pastran may recover on this claim are limited.

## Sex and Race Discrimination Claims

### 1. withdrawal of promotion offer - 1996

The same burden-shifting analysis applies to 42 U.S.C. Sec. 2000 (e) race and sex discrimination claims as is used in retaliation, age discrimination, and disability discrimination claims. *See e.g., Sprague v. Thorn Americas Inc.*, 129 F.3d 1355, 1362 (10th Cir. 1997).

As to the November, 1996 withdrawal of promotion claim, Plaintiff established a *prima-facie* case by showing that he was qualified for the job and it was given to an anglo female.  As explained above, a fact issue exists whether K-Mart's articulated reason for withdrawing its offer - that Pastran failed to accept it within a reasonable time period - is truthful.  Accordingly, K-Mart's Motion for Summary Judgment will be denied as to this claim.  As explained above, the damages recoverable under this claim are limited.

### 2. termination - 1997

Assuming *arguendo* that Pastran has established his *prima facie* case, K-Mart contends that it has articulated a legitimate, non-discriminatory reason- insubordination - for terminating his employment.  The question becomes whether Pastran has produced evidence sufficient to create a genuine fact issue whether the articulated reason was a pretext for racial and/or sexual discrimination.  Pastran's allegations that anglo females were treated more leniently than hispanic or african-american males and that "most of the employees promoted over him were anglo females, some of whom he had trained" are too vague and conclusory to constitute sufficient

9

evidence to create a genuine issue of fact of the issue of pretext. *See Dudley v. Wal-Mart Stores Inc.,* 931 F. Supp 773 (M.D.Ala. 1996). Accordingly, K-Mart's Motion for Summary Judgment will be granted as to this claim.

## ORDER

THIS MATTER came before the Court on Defendant's Motion for Summary Judgment, (docket entry # 43), filed on April 30, 1999. The above Memorandum Opinion explains the bases for its decision.

NOW THEREFORE, IT IS ORDERED that, by June 2, 1999, Pastran will amend his Complaint to provide more factual detail in support of his claims that K-Mart retaliated against him for either complaining about racial discrimination, or for filing a worker's compensation claim, by demoting him in 1990 and by passing him over for promotion from 1990 - 1992. He will also submit a memorandum explaining why those claims are not barred by the statute of limitations. If he does not do so, these claims will not be allowed to go forward.

IT IS FURTHER ORDERED that K-Mart's Motion for Summary Judgment is GRANTED as to Plaintiff's claims that he was illegally passed over for promotion from 1993 until November of 1996.

IT IS FURTHER ORDERED that K-Mart's Motion for Summary Judgment is GRANTED as to Plaintiff's claims that he was improperly terminated in January of 1997.

IT IS FURTHER ORDERED that K-Mart's Motion for Summary Judgment is DENIED as to Plaintiff's claims that K-Mart's withdrawal of its promotion offer in November of 1996

resulted from discrimination based upon his national origin, sex, disability and/or retaliation for conduct protected under Title VII.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE